IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL § | | PLAINTIFF |
| INSURANCE COMPANY § | | |
| § | | |
| v. § | | CIVIL NO. 3:13cv196-HSO-RHW |
| § | | |
| EVANSTON INSURANCE § | | DEFENDANTS |
| COMPANY, MARKEL § | | |
| CORPORATION, ABC § | | |
| INDIVIDUALS, and XYZ ENTITIES § | | |

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT MARKEL CORPORATION'S MOTION TO DISMISS

BEFORE THE COURT is Defendant Markel Corporation's Motion to Dismiss [13].  Plaintiff has filed a Response in Opposition [20] to the Motion, and Markel has filed its Rebuttal [21].  Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that Markel's Motion to Dismiss should be denied.

### I. BACKGROUND

On April 3, 2013, Plaintiff filed a Complaint against Evanston Insurance Company ("Evanston") and Markel Corporation ("Markel") stemming from a lawsuit pending in the Circuit Court of Hinds County, Mississippi, civil action number 251-11-465CIV ("the Underlying Lawsuit").  On April 29, 2013, Plaintiff filed its First Amended Complaint, which is nearly identical to the Complaint but includes an allegation specifying that the amended complaint was brought pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  First Am. Compl. 1 [11].

1

The First Amended Complaint alleges that Evanston and Markel issued an insurance policy to The Pines/Jackson LLC ("The Pines"). *Id*. at ¶ 6. Plaintiff maintains that a dispute has arisen over coverage obligations related to claims asserted against The Pines and Plaintiff's insured, B&B Management Group, LLC ("B&B"), in the Underlying Lawsuit. *Id*. at ¶¶ 5-7. Plaintiff claims that Evanston considered The Pines to be an "additional insured" under the terms of the insurance policy issued by Plaintiff to B&B. *Id*. at ¶¶ 17-20. Plaintiff contends that B&B was actually a primary insured under the terms of Evanston and Markel's insurance policy. *Id*. at ¶ 24. Plaintiff further asserts that it was forced to provide primary coverage for both B&B and The Pines, and that it settled the Underlying Lawsuit subject to a non-waiver agreement with Evanston and Markel. *Id*. at ¶¶ 6-11. Pursuant to the non-waiver agreement, Plaintiff retained the right to bring this civil action to resolve the coverage dispute with Evanston and Markel. *Id*. at 25-26.

Based on these allegations, Plaintiff advances a claim against Evanston and Markel for a declaration that the policy of insurance Evanston and Markel issued to The Pines afforded primary coverage for the claims asserted against both The Pines and B&B in the Underlying Lawsuit. *Id*. at ¶¶ 28-35. Plaintiff asserts a claim for "wrongful breach" of Evanston and Markel's insurance contract on the basis that B&B was a primary insured under that contract. *Id*. at ¶¶ 37-41. Plaintiff also seeks indemnity and/or contribution from Evanston and Markel related to the payment Plaintiff made in settling the Underlying Lawsuit. *Id*. at ¶¶ 43-47.

Markel has moved to dismiss the First Amended Complaint on grounds that Markel neither issued nor was a party to the insurance contract between Evanston and The Pines and thus cannot be liable on that contract. Mem. Br. in Supp. of Mot. to Dismiss 2-3 [14]. Markel also contends that it was a known agent for Evanston, a disclosed principal, such that Markel cannot be liable to Plaintiff absent allegations of fraud, which the First Amended Complaint does not contain. *Id*. at 3.

Plaintiff opposes Markel's Motion insisting that Evanston and Markel issued a policy of insurance to The Pines and that both Evanston and Markel were parties to the non-waiver agreement. Resp. in Opp'n to Mot. to Dismiss 2, 4 [20]. Plaintiff further posits that Markel can be liable to Plaintiff even if Markel was a known agent of a disclosed principal because Markel's conduct "constitute[d] gross negligence, malice, or reckless disregard for another's rights." *Id*. at 6-7. Plaintiff contends that its allegations that Evanston and Markel issued the policy to The Pines, that Evanston and Markel refused to provide coverage "without legitimate or arguable reason," and that Evanston and Markel "wrongfully" breached their insurance contract in "callous disregard" for the rights of B&B, are sufficient to state a claim against Markel. *Id*. at 7-8.

## II. DISCUSSION

A.     Legal Standard

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045,

1050 (5th Cir.1982). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-58 (2007)). All well-pleaded facts must be viewed in the light most favorable to the plaintiff. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). On the other hand, the plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal. *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

B.  Analysis

"[I]n Mississippi, an 'agent for a disclosed principal is not liable for the torts of the principal.' To be liable, the agent must commit 'individual wrongdoing.' In other words, the agent incurs no personal liability absent fraud or equivalent misconduct." *Estate of Gibson ex rel. Gibson v. Magnolia Healthcare, Inc.*, 91 So. 3d 616, 624 (Miss. 2012). This concept applies in the context of claims for a breach of contract. *Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989)

4

(affirming directed verdict for individual agents on breach of lease claim because "[a]s agents for a disclosed principal . . . [the agents] incur no individual liability, absent fraud or other equivalent conduct").

The First Amended Complaint alleges that Evanston and Markel issued a policy of general liability insurance to The Pines. First Am. Compl. ¶ 6. Markel, however, does not point the Court to any specific portion of the policy it is alleged to have issued along with Evanston which indicates that the policy was issued by Evanston alone. Markel's sole support for its position is a general citation to the policy in support of its Motion to Dismiss and an unsupported, conclusory assertion in its rebuttal brief. *See* Mem. Br. in Supp. of Mot. to Dismiss 2 [14] ("The contract of insurance for which Nationwide seeks to impart liability upon Markel was issued by Evanston. See Exhibit B to Plaintiff's Complaint.") *and* Reply in Supp. of Mot. to Dismiss 2 [21] ("The contract of insurance is clearly issued by Evanston Insurance Company, not Markel Corporation."). The Court, however, is under no duty to scour the record to find support for these statements. *See de la O v. Hous. Auth. of City of El Paso, Tex.*, 417 F.3d 495, 501 (5th Cir. 2005) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Plaintiff also alleges that Markel wrote a letter to Plaintiff on Evanston's behalf. First Am. Compl. ¶ 19. Aside from this allegation, Markel does not direct the Court to any specific portion of the record or of the insurance policy issued to The Pines which indicates that Evanston was a disclosed principal for whom Markel serves as an agent. Plaintiff, moreover, does not allege that Markel acted as an

5

agent for Evanston or that Evanston was a disclosed principal. Viewed in a light most favorable to Plaintiff, the allegation that Markel wrote a letter to Plaintiff on Evanston's behalf does not equate to an allegation that Markel was an agent of a disclosed principal.

While Markel may later seek summary judgment and submit sufficient evidence supporting its position that it was merely an agent of a disclosed principal, the Court cannot reach such a conclusion given the present record and the current procedural posture of this case. Markel's Rule 12(b)(6) Motion therefore must be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Markel Corporation's Motion to Dismiss [13] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 26th day of March, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE