IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY | § § § | PLAINTIFF |
| v. | § § | CIVIL NO. 3:13cv196-HSO-RHW |
| EVANSTON INSURANCE COMPANY, MARKEL CORPORATION, ABC INDIVIDUALS, and XYZ ENTITIES | § § § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING NATIONWIDE MUTUAL INSURANCE COMPANY'S [70] MOTION FOR SUMMARY JUDGMENT, GRANTING EVANSTON INSURANCE COMPANY'S [66] MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY NATIONWIDE, GRANTING IN PART AND DENYING IN PART EVANSTON INSURANCE COMPANY'S [68] MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM AGAINST NATIONWIDE MUTUAL INSURANCE COMPANY, DENYING AS MOOT EVANSTON INSURANCE COMPANY'S [62] MOTION TO EXCLUDE EXPERT OPINIONS OF CLINT WOOD, AND DENYING AS MOOT EVANSTON INSURANCE COMPANY'S [80] MOTION TO STRIKE PORTIONS OF AFFIDAVIT OF HEATHER M. SUEDKAMP**

BEFORE THE COURT are Defendant/Counterclaim Plaintiff Evanston Insurance Company's Motion for Summary Judgment on All Claims Asserted by Plaintiff/Counterclaim Defendant Nationwide Mutual Insurance Company [66] and Motion for Summary Judgment on Counterclaim Against Nationwide [68]. Also before the Court is the Motion for Summary Judgment filed by Plaintiff/Counterclaim Defendant Nationwide Mutual Insurance Company [70]. Having considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that Evanston Insurance Company's Motion for Summary Judgment on All Claims Asserted by Nationwide Mutual Insurance

1

Company [66] should be granted and Nationwide Mutual Insurance Company's Motion for Summary Judgment [70] should be denied.  The Court further finds that Evanston Insurance Company's Motion for Summary Judgment on Counterclaim Against Nationwide [68] should be granted in part and denied in part.

## I. BACKGROUND

A.    Factual Background

On May 27, 2011, a lawsuit was filed in the Circuit Court of Hinds County, First Judicial District (the "Underlying Litigation"), against B&B Management Group, LLC ("B&B"), and The Pines Apartments located at 5026 Watkins Road, Jackson, Mississippi ("the Pines").  The plaintiff in the Underlying Litigation, Jane Doe (the "Underlying Plaintiff"), alleged that in the early morning hours of October 20, 2010, a trespasser broke into her apartment unit at the Pines and physically attacked and injured the Underlying Plaintiff.  Compl. 3-4 [73-11] ("the Underlying Complaint").  The Underlying Plaintiff alleged that the combined negligence of B&B and the Pines created the circumstances which allowed the attack to occur.  *Id*.  The Underlying Complaint advanced claims of negligence and premises liability against both the Pines and B&B and sought compensatory and punitive damages.  *Id*. at 5-13.

At the time of the facts giving rise to the Underlying Complaint, the premises at the Pines was managed by B&B pursuant to a Property Management Agreement [66-4], which required B&B to maintain liability insurance and contemplated that B&B would use "best efforts" to have the Pines added as an additional insured

under B&B's insurance policy. Property Management Agreement ¶ 5.02 [66-4]. According to Brent Yurtkuran, B&B's principal, B&B maintained an office on the Pines' premises and also had a corporate office located at 617 Renaissance Way, Suite 200, Ridgeland, Mississippi. Dep. of Brent Yurtkuran 12:23-13:4 [70-8].

At the time of the events giving rise to the Underlying Complaint, the Pines was insured by Defendant/Counterclaim Plaintiff Evanston Insurance Company ("Evanston") pursuant to policy number CMP1004830 (the "Evanston Policy"). Evanston Policy [67-2, 2 of 68]. The Evanston Policy provided primary coverage to the Pines unless the Evanston Policy's coverage was considered "excess."[1] *Id.* at Section IV.4.a-b. [67-2, 68 of 68]. The Evanston Policy's coverage would be considered "excess" if there was "[a]ny other primary insurance available to [the Pines] covering liability for damages arising out of the premises or operations . . . for which [the Pines had] been added as an additional insured by attachment of an endorsement." *Id.* at Section IV.4.b.(1)(b) [67-2, 68 of 68]. When the Evanston Policy was considered as providing "excess" coverage, Evanston had "no duty . . . to defend the insured against any 'suit' if any other insurer has a duty to defend the insured against that 'suit'." *Id.* at Section IV.4.b.(2) [67-2, 68 of 68].

B&B was insured by Plaintiff/Counterclaim Defendant Nationwide Mutual Insurance Company ("Nationwide") at the time of the events surrounding the Underlying Complaint pursuant to policy number ACP GLO 5604405554 (the

---

[1] The parties do not dispute that B&B was a primary insured under the Evanston Policy based on that policy's definition of "an insured." Evanston Policy Section II.2.b. [67-2, 66 of 68].

"Nationwide Policy").  The Nationwide Policy included an Additional Insured Endorsement which stated as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Name of Additional Insured Person(s) Or Organization(s):** |
|---|
| **THE PINES APARTMENTS LLC<br>5026 WATKINS DR<br>JACKSON, MS 39206-3248** |
| **Locations Of Covered Operations** |
| **617 RENAISSANCE WAY STE 200 RIDGELAND, MS 39157-6066** |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

A.  **Section II – Who Is An Insured** is amended to include as an additional insured the . . . organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" . . . caused, in whole or in part, by:
1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

Additional Insured Endorsement [70-3, 29 of 72].[2]

---

[2] The Nationwide Policy also included an Additional Insured Endorsement related to a separate B&B-managed apartment complex located at 3150 Robinson Street, Jackson, Mississippi 39209-6753 ("Westwood Jackson").  The Additional Insured Endorsement related to Westwood Jackson is identical to the Additional Insured Endorsement for the Pines but for the fact that the Westwood Jackson endorsement's schedule contains the name and address for Westwood Jackson rather than the Pines.  Additional Insured Endorsement [70-3, 31 of 72].

On June 15, 2011, Nationwide sent correspondence [67-11] to the Pines attaching a copy of the Underlying Complaint and advising that, with respect to B&B, the Nationwide Policy was excess to any policy issued to the Pines. Nationwide demanded defense and indemnity on behalf of B&B in the Underlying Litigation. According to Vicki Abel, a senior claims manager employed by Defendant Markel Corporation ("Markel")[3] and assigned to investigate the Underlying Litigation on Evanston's behalf, Evanston did not respond to this correspondence. Aff. of Vicki Abel ¶ 9 [66-7]. Instead, Evanston retained defense counsel to represent B&B and the Pines. *Id*. at ¶¶ 11, 16. Nationwide also retained an attorney but did so only for the purpose of monitoring the Underlying Litigation. *Id*. at ¶ 13.

A mediation was scheduled in the Underlying Litigation to take place on March 28, 2013. *Id*. at ¶ 11. Evanston received a March 25, 2013, policy-limits demand from the Pines. On March 26, 2013, Evanston demanded, for the first time, that Nationwide provide defense and indemnity to the Pines. *Id*. at ¶ 15. That same day Nationwide responded, disagreeing that the Pines qualified as an additional insured under the Nationwide Policy. *See* Ex. "E" [99-5]. The mediation went forward as scheduled on March 28, 2013, with both Evanston and Nationwide participating pursuant to a "Non-Waiver, Non Voluntary Payment and Reservation of Potential Litigation Agreement" ("Non-Waiver Agreement") [70-7]. Mediation Settlement Agreement 1 [66-19]. Evanston and Nationwide settled the Underlying

---

[3] Markel is responsible for providing claims services to Evanston. Aff. of Vicki Abel ¶ 3 [66-7]. Markel did not actually issue any contract of insurance at issue in this litigation and only acted as a disclosed agent of Evanston. *Id*. ¶ 4.

Litigation at the mediation, with each insurer paying $525,000.00 for a total of $1,050,000.00.  *Id.*

B.      Procedural Background

Nationwide filed the Complaint [1] in this case on April 3, 2013, and filed the First Amended Complaint [11], which is the operative Complaint, on April 29, 2013. Nationwide claims that it did not owe a duty to defend or indemnify the Pines under the circumstances of the Underlying Litigation but that Evanston disagreed and considered the Pines to be an "additional insured" under the Nationwide Policy. *Id.* at ¶¶ 17-20.  Nationwide complains that it was forced to join in the settlement of the Underlying Litigation against its will for the sole purpose of protecting its insured B&B.  *Id.* at ¶¶ 6-11.  Nationwide seeks a declaration that Evanston owed primary coverage to both the Pines and B&B in the Underlying Litigation.  *Id.* at ¶¶ 25-35.  Nationwide also advances a claim for "wrongful breach" of the Evanston Policy.  *Id.* at ¶¶ 37-41.  Nationwide seeks indemnity or contribution from Evanston in the amount of Nationwide's $525,000.00 settlement payment.  *Id.* at ¶¶ 43-47.

On May 24, 2013, Evanston filed its Answer and Cross-Complaint for Declaratory Judgment Action [12].  Evanston asserts that it issued a policy of insurance numbered 2M40138 to the Pines covering the period from September 21, 2010, to September 21, 2011.  Answer and Cross-Compl. for Declaratory J. 6 [12]. "As a condition of the issuance of insurance to the Pines, Evanston required [B&B] . . . to maintain commercial general liability insurance with [a] minimum $1,000,000.00" limit of liability.  *Id.* at 7.  Evanston alleges that an endorsement to

its policy required B&B to list the Pines as an additional insured under the policy of insurance obtained by B&B. *Id.* at 8. Evanston contends that it insured the Pines "in reliance of the warranty that B&B provided [a] $1,000,000.00 limit in general liability coverage protecting The Pines . . . ." *Id.* at 7-8. Evanston seeks a declaration that the Nationwide Policy provided primary coverage to the Pines based upon its status as an additional insured. *Id.* at 8-10.

Evanston now seeks judgment as a matter of law as to Nationwide's claims, arguing that Nationwide cannot demonstrate a breach of duty by Evanston with respect to either the Pines or B&B, that Nationwide had no contract with Evanston to be breached, and that Evanston did not owe a duty to Nationwide. Evanston's Mem. in Supp. of Mot. for Summ. J. on All Claims Asserted by Nationwide 7-11 [67]. According to Evanston, this case turns solely on whether the Pines qualified as an additional insured under the Nationwide Policy with respect to the Underlying Litigation. Rebuttal 2 [92]. Nationwide responds that its claims for declaratory judgment, wrongful breach of contract, and for "contribution/indemnity" do not require proof of the existence of a contract. Nationwide's Resp. in Opp'n to Evanston's Mot. for Summ. J. 10-18 [83].

Nationwide also moves for summary judgment on the theory that the Pines was not an additional insured under the Nationwide Policy because the acts made the foundation of the Underlying Litigation occurred on the Pines' premises located at 5026 Watkins Drive, rather than at B&B's corporate offices located at 617 Renaissance Way. Mem. in Supp. of Nationwide's Mot. for Summ. J. 15-19 [72].

Nationwide also contends that Evanston should be equitably estopped from claiming it is not the Pines' primary insurer. *Id*. at 19-22. Evanston responds that the Pines was sued in the Underlying Litigation with regard to bodily injuries caused by B&B's operations at both 5026 Watkins Drive and 617 Renaissance Way, such that it is entitled to coverage as an additional insured on the Nationwide Policy. Evanston's Mem. in Supp. of Resp. to Nationwide's Mot. for Summ. J. 6-9 [79].

Evanston also moves for judgment as a matter of law on its counterclaim contending that Nationwide did not properly investigate the Underlying Complaint, that Nationwide failed to disclaim its duty to defend or indemnify the Pines, and that the Nationwide Policy afforded primary coverage to the Pines as an additional insured. Evanston's Br. in Supp. of Mot. for Summ. J. on Countercl. 8-11 [69]. Nationwide responds that its Additional Insured Endorsement unambiguously requires that the alleged action or inaction on B&B's part or on the part of those acting on B&B's behalf must have taken place at 617 Renaissance Way in order to trigger the Pines' additional insured coverage. Nationwide Mem. in Supp. of Resp. in Opp'n to Evanston's Mot. for Summ. J. 20-22 [87]. Nationwide also contends that Evanston is not entitled to recover defense costs because there has been no evidence submitted to support those costs. *Id*. at 28-33.

## II. DISCUSSION

A.  Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law[, and an] issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at

248). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

B.  Analysis

Evanston and Nationwide have collectively devoted more than 260 pages of briefing to their motions for summary judgment.[4] The question on which this case turns, however, is actually quite narrow. Specifically, the issue is whether, based on the undisputed material facts, the Nationwide Policy's Additional Insured Endorsement renders the Pines an additional insured with respect to the Underlying Litigation, such that Nationwide owed defense and indemnity to the Pines in the Underlying Litigation.

    1.    The Additional Insured Endorsement to the Nationwide Policy

"The interpretation of an insurance policy is a question of law, not one of fact." *Noxubee Cnty. Sch. Dist. v. United Nat. Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004) (citing *Lewis v. Allstate Ins. Co.*, 730 So. 2d 65, 68 (Miss. 1998)). "[P]rovisions that limit or exclude coverage are to be construed liberally in favor of the insured

---

[4] In addition to the three separate motions for summary judgment, Evanston has filed a Motion to Exclude Expert Opinions of Clint Wood [62] and a Motion to Strike Portions of Affidavit of Heather M. Suedkamp [80]. Given the Court's resolution of the motions for summary judgment, these Motions [62] [80] should be denied as moot.

10

and most strongly against the insurer." *Id*. (citing *Nationwide Mut. Ins. Co. v. Garriga*, 636 So. 2d 658, 662 (Miss. 1994)).

The Additional Insured Endorsement to the Nationwide Policy contains a provision which purports to limit the locations at which the additional insured qualifies for coverage. *See* Additional Insured Endorsement [70-3, 29 of 72]. The Additional Insured Endorsement provides that the Pines is an additional insured with respect to bodily injury caused by B&B's acts or omissions or acts or omissions of those acting on B&B's behalf in the performance of B&B's operations. *Id*. However, the coverage afforded to the Pines as an additional insured is limited to "the location(s) designated above." *Id*.

Nationwide maintains that the Additional Insured Endorsement designates 617 Renaissance Way as the only "location designated above" at which the additional insured coverage is afforded. Nationwide's Mem. in Supp. of Mot. for Summ. J. 16 [72]. However, a plain reading of the Additional Insured Endorsement as a whole reveals that in fact two locations are "designated above[,]" 5026 Watkins Drive and 617 Renaissance Way. Additional Insured Endorsement [70-3, 29 of 72].[5] Construing this limitation against Nationwide renders Nationwide the primary insurer for the Pines at both locations. This result comports with the fact that under Mississippi law, limitations on coverage must be drafted with "such clear and unambiguous language that it may be readily seen and understood by the insured

---

[5] See page 4, *supra*, for a reproduction of the relevant portion of the Additional Insured Endorsement.

11

that the coverage is limited."[6] *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1162 (Miss. 2010) (quoting *Hartford Accident & Indem. Co. v. Bridges*, 350 So. 2d 1379, 1381 (Miss. 1977)).

A reading of the Nationwide Policy as a whole further supports this conclusion. Rather than listing the two additional insureds, the Pines and Westwood Jackson, in a single endorsement and identifying 617 Renaissance Way as the sole location at which the additional insureds were covered, the Nationwide Policy contains two separate additional insured endorsements for B&B's operations at the Pines and Westwood Jackson. Each respective endorsement lists not only 617 Renaissance Way but also the specific location of the Pines and Westwood Jackson. Additional Insured Endorsements [70-3, 29 of 72; 31 of 72]. The "coverage territory" identified in the Nationwide Policy is broad enough to encompass both 5026 Watkins Drive and 617 Renaissance Way. Commercial General Liability Coverage Form, Section V.4. [70-3, 23 of 72]. The nature of B&B's business is described as management of real estate property, and the hazards are described as "real estate property managed[.]" Commercial General Liability Declarations and Schedule [70-3, 3 of 72, 7 of 72]. Looking at the Nationwide Policy as a whole leads to the conclusion that Nationwide and B&B contemplated that coverage would be afforded not only to B&B's operation at 617 Renaissance Way but also to the locations where B&B actually managed real estate property, including 5026

---

[6] Had Nationwide desired to limit the Additional Insured Endorsement to covering the Pines only at 617 Renaissance Way, Nationwide could have excluded the Pines' address from the Additional Insured Endorsement altogether or more specifically identified 617 Renaissance Way as the lone location at which the Pines would be covered as an additional insured.

Watkins Drive.  For all of the foregoing reasons, the Pines was an additional insured with respect to the Underlying Litigation.

The Evanston Policy provides that it is excess over "[a]ny other primary insurance available to [the Pines] covering liability for damages arising out of the premises or operations . . . for which [the Pines has] been added as an additional insured by attachment of an endorsement."  Commercial General Liability Coverage Form, Section IV.4. [67-2, 68 of 68].  With respect to the Underlying Litigation, the Court concludes that the Pines was "added as an additional insured" to the Nationwide Policy "by attachment of" the Additional Insured Endorsement [70-3, 29 of 72].  The Evanston Policy therefore provides excess coverage for the Pines with respect to the Underlying Litigation.  Evanston is entitled to judgment as a matter of law on its claim that Nationwide was the primary insurer of the Pines with respect to the Underlying Litigation.  Evanston's Motion for Summary Judgment [66] should therefore be granted, and Nationwide's Motion for Summary Judgment [70] should be denied.

      2.     <u>Evanston's Defense Costs</u>

Evanston seeks judgment as a matter of law on its counterclaim that it is entitled to recover half of the defense costs it incurred defending both the Pines and B&B.  Evanston's Br. in Supp. of Mot. for Summ. J. on Counter-Cl. 10-11 [69].  The Affidavit of Vicki Abel is the only evidentiary support Evanston has submitted for the otherwise bare assertion that "Evanston spent $232,441.73 in defense of [t]he Pines and B&B in the [U]nderlying [L]itigation." Abel Aff. ¶ 19 [68-8].  Evanston

13

claims that the unsupported Abel Affidavit "presented more than sufficient evidence for the summary judgment stage . . . to determine that Evanston is entitled to fees and costs . . . ." Rebuttal 4 [94]. Nationwide responds that Evanston is not entitled to recover its defense costs because Evanston has not provided any evidence that those costs were reasonable and necessary. Nationwide Mem. in Supp. of Resp. in Opp'n to Evanston's Mot. for Summ. J. 28-30 [87]. According to Nationwide, Evanston has not at any time produced records related to its purported defense costs, despite being required to do so through initial disclosures and in response to discovery requests propounded by Nationwide which sought such records. *Id*. at 31-32.

"Mississippi law is clear that if an insurer breaches a duty to defend and the defense is assumed by a second insurer, the second insurer may recover that portion of the reasonable and necessary attorney's fees and settlement payments which the first insurer was obligated to pay." *Liberty Mut. Ins. Co. v. U.S. Fid. & Guar. Ins. Co.*, 756 F. Supp. 953, 957 (S.D. Miss. 1990) (citing *State Farm Mut. Auto. Co. Ins. v. Commercial Union Ins.*, 394 So. 2d 890, 894 (Miss. 1981)). The insurer which assumed the defense may recover those reasonable and necessary expenses "but only those expenses incurred after demand was made on [the breaching insurer] to provide a defense." *Guidant Mut. Ins. Co. v. Indemnity Ins. Co. of North America*, 13 So. 3d 1270, 1282 (Miss. 2009).[7] The Mississippi Supreme Court has indicated

---

[7] The Court is cognizant of *State Farm Mutual Automobile Insurance Company v. Universal Underwriters Insurance Company*, which involved a dispute between a primary and secondary insurer based on the latter's having provided a defense to the mutual insured when the primary insurer failed to do so. 601 F. Supp. 286, 290 (S.D. Miss. 1984). There, the secondary insurer was

that, at a minimum, affidavits purporting to establish the fees and expenses incurred in defending an insured must be itemized and reflect the date of each line item expense. *Id*.

While as a purely legal matter Evanston may be entitled to recover its reasonable and necessary attorney fees and costs incurred in defending the Pines, it can only recover those reasonable and necessary expenses incurred after Evanston made demand upon Nationwide. The record reflects that no such demand was made until March 26, 2013 [77-7], two days before the mediation at which the Underlying Litigation settled. Evanston, however, has not produced sufficient evidence of its expenses during this two day period or any other period, nor has Evanston provided any evidence that would permit the Court to assess whether those expenses, if any, were reasonable and necessary. Evanston's Motion for Summary Judgment on Counterclaim Against Nationwide thus will be denied to the extent the Motion seeks judgment as a matter of law that Evanston is entitled to one-half of the $232,441.73 that Evanston claims it expended in defending the Pines. Evanston's Motion will be granted in part to the extent that it will be entitled to its fees and costs incurred in defending the Pines for the two day period between its demand to Nationwide on March 26, 2013, and the settlement of the

---

entitled to its reasonable and necessary expenses in defending the insured notwithstanding the fact that no demand was made upon the primary insurer because the primary insurer had notice of the accident. *Id*. While that holding appears to remain valid, the Mississippi Supreme Court's most recent precedent on this particular issue, while not explained in detail, only permits recovery of reasonable and necessary "expenses incurred after demand was made . . . ." *Guidant Mut. Ins. Co.*, 13 So. 3d at 1282. This precedent controls. *United States v. Johnson*, 160 F.3d 1061, 1063 (5th Cir. 1998) ("[A] federal court sitting in a case governed by state substantive law[ must] consider the holdings of the supreme court of the state that furnishes the substantive law of the decision . . . to be controlling precedent.") (citation omitted).

15

Underlying Litigation on March 28, 2013, if Evanston can produce proper evidence of those expenses, which the current record reveals Evanston has not.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Nationwide has not carried its summary judgment burden with respect to its claims against Evanston, and Evanston is entitled to judgment as a matter of law as to Nationwide's claims. The Court further finds that Evanston is entitled to partial summary judgment with regard to its counterclaim against Nationwide such that the Pines was Nationwide's primary insured with respect to the Underlying Litigation. Evanston is not entitled to judgment as a matter of law on its counterclaim insofar as it seeks an award of half the attorney fees and expenses incurred by Evanston in defending the Pines because it has not adequately supported its request with competent summary judgment evidence.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff/Counterclaim Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment [70] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant/Counterclaim Plaintiff Evanston Insurance Company's Motion for Summary Judgment on All Claims Asserted by Nationwide Mutual Insurance Company [66] is **GRANTED** and Nationwide's Claims against Evanston are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant/Counterclaim Plaintiff Evanston Insurance Company's Motion for Summary Judgment on Counterclaim Against Nationwide [68] is **GRANTED IN PART** such that Nationwide and Evanston are each liable for one-half of the settlement payment in the Underlying Litigation, and **DENIED IN PART** such that Evanston is not entitled to recover its alleged defense costs in the amount of $232,441.73. Evanston is entitled to one-half of its defense costs incurred during the two day period between demanding defense from Nationwide on March 26, 2013, and the settlement of the Underlying Litigation on March 28, 2013, if Evanston can supply sufficient proof of the reasonableness and necessity of those expenses.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant/Counterclaim Plaintiff Evanston Insurance Company's Motion to Exclude Expert Opinions of Clint Wood [62] is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant/Counterclaim Plaintiff Evanston Insurance Company's Motion to Strike Portions of Affidavit of Heather M. Suedkamp [80] is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 31st day of October, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE