IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY | § § § | PLAINTIFF |
| v. | § § | CIVIL NO. 3:13cv196-HSO-RHW |
| EVANSTON INSURANCE COMPANY, MARKEL CORPORATION, ABC INDIVIDUALS, and XYZ ENTITIES | § § § § § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER GRANTING MARKEL CORPORATION'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Markel Corporation's Motion for Summary Judgment [63]. Plaintiff Nationwide Mutual Insurance Company has filed a Response [84], and Markel Corporation has filed a Rebuttal [96]. Having considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that Markel Corporation's Motion for Summary Judgment [63] should be granted and Nationwide Mutual Insurance Company's claims against Markel Corporation should be dismissed with prejudice.

### I. BACKGROUND

The Court has more fully set out the factual and procedural history of this case in its previous Memorandum Opinion and Order [103] addressing the motions for summary judgment filed by Defendant/Counterclaim Plaintiff Evanston Insurance Company ("Evanston") and Plaintiff/Counterclaim Defendant Nationwide Mutual Insurance Company ("Nationwide"). A brief summary of that background

will aid in resolving the Motion [63] filed by Defendant Markel Corporation ("Markel").

Evanston insured The Pines Apartments located in Jackson, Mississippi ("the Pines") pursuant to policy number CMP1004830 for the policy year running from September 21, 2010, through September 21, 2011 ("Evanston Policy"). Evanston Policy [67-2, 2 of 68]. Nationwide insured B&B Management Group, LLC ("B&B"), the company which managed the Pines, during the policy year from June 12, 2010, through June 12, 2011, pursuant to policy number ACP GLO 5604405554 ("Nationwide Policy"). The Nationwide Policy included an Additional Insured Endorsement [70-3, 29 of 72] naming the Pines as an additional insured.

On May 27, 2011, Jane Doe (the "Underlying Plaintiff") sued B&B and the Pines in the Circuit Court of Hinds County, Mississippi (the "Underlying Litigation"). The Underlying Plaintiff advanced negligence and premises liability claims stemming from injuries she suffered while a tenant at the Pines. Compl. 3-4 [73-11] ("the Underlying Complaint"). According to Vicki Abel, a senior claims manager employed by Markel and assigned to investigate the Underlying Litigation for Evanston, Nationwide took the position that Evanston owed primary coverage to both the Pines and B&B, but Evanston later concluded that it owed primary coverage only to B&B while Nationwide owed primary coverage to the Pines. Aff. of Vicki Abel ¶ 9, 18 [66-7]. At a mediation conducted on March 28, 2013, Evanston and Nationwide settled the Underlying Litigation. In doing so, the two insurers

each paid $525,000.00 for a total of $1,050,000.00 subject to a Non-Waiver Agreement [70-7]. Mediation Settlement Agreement 1 [66-19].

Nationwide subsequently sued Evanston and Markel. The operative pleading in this case is the First Amended Complaint, filed on April 29, 2013. First Am. Compl. 1 [11]. Nationwide alleges that it did not owe a duty to defend or indemnify the Pines or B&B under the circumstances alleged in the Underlying Litigation. *Id.* at ¶¶ 17-20. Nationwide claims that it was forced against its will to provide indemnity to protect B&B. *Id.* at ¶¶ 6-11, 37-38. Nationwide requests a declaration that the Evanston Policy afforded primary coverage to both the Pines and B&B in the Underlying Litigation. *Id.* at ¶¶ 25-35. Nationwide advances a claim for "wrongful breach" of the Evanston Policy stemming from the coverage Nationwide claims "Evanston and Markel" owed to B&B. *Id.* at ¶¶ 37-41. Nationwide also seeks indemnity and/or contribution from Evanston and Markel related to the $525,000.00 payment Nationwide made to settle the Underlying Lawsuit. *Id.* at ¶¶ 43-47.

Markel now moves for summary judgment arguing that it is undisputed there was no contract between Markel and either B&B or the Pines such that Markel cannot be liable to Nationwide for wrongful breach of contract.[1] Nationwide responds that Evanston and Markel breached "their duty" as B&B's primary insurer by insisting that Nationwide contribute to the settlement of the Underlying

---

[1] In its Memorandum Opinion and Order [103] addressing Evanston and Nationwide's cross-motions for summary judgment, the Court concluded that Nationwide's request for a declaratory judgment and Nationwide's "indemnity and/or contribution" claim fail as a matter of law. That conclusion applies with equal force to Nationwide's claims against Markel such that the Court need not address those claims here.

Litigation without first exhausting "Evanston/Markel['s] . . . limits . . . ." Mem. in Supp. of Resp. in Opp'n to Markel's Mot. for Summ. J. 17-18 [85]. Nationwide also contends that Markel, as an agent or adjuster, can be independently liable to Nationwide if Markel's conduct "constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Id.* at 20-22.

## II. DISCUSSION

A. <u>Legal Standard</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law[, and an] issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict

4

for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "[T]he party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *RSR Corp.*, 612 F.3d at 858.

B.  Analysis

To the extent that Nationwide asserts a claim for wrongful breach of contract against Markel, Nationwide's claim cannot survive summary judgment. Under Mississippi law, an essential element of any breach of contract claim is the "existence of a valid and binding contract . . . ." *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012) (citation omitted). It is undisputed that Markel did not have a contract with either B&B, the Pines, or Nationwide. *See* Nationwide's Resp. to Evanston Interrog. No. 2 ("Nationwide does not contend that Markel . . . issued any contract of insurance at issue in this litigation.") [65-1]. The record evidence reflects that Markel was simply acting as an agent for Evanston, and this fact was disclosed on multiple occasions. *See, e.g.*, Aff. of Vicki Abel ¶¶ 3-4 (Markel . . . provides claim services to various insurance companies, including Evanston . . . .") [66-7]; Abel Correspondence to Suedkamp dated March 26, 2013 ("Markel . . . as claims service manager for Evanston . . . has received the attached demand from a principal of [t]he Pines . . . .") [86-6]; Non-Waiver Agreement 2 (Markel executed as

5

Evanston's "Agent with Authority") [70-7].  There being no contract between Markel and B&B, the Pines, or Nationwide, Nationwide cannot maintain a claim for breach of contract against Markel stemming from the rights of B&B.

Nationwide appears to posit that even if Markel is considered to be an agent of a disclosed principal, Markel may still be liable if Markel acted with gross negligence, malice, or reckless disregard for the rights of the insured, but this theory is not enough to avoid summary judgment based upon the record in this case. "[I]n Mississippi, an agent for a disclosed principal is not liable for the torts of the principal." *Estate of Gibson ex rel. Gibson v. Magnolia Healthcare, Inc.*, 91 So. 3d 616, 624 (Miss. 2012) (internal marks and citation omitted).  "[A]gents for a disclosed principal . . . incur no individual liability[] absent fraud or other equivalent conduct." *Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989) (citation omitted).  In the context of this case, an insurance adjuster "can only incur independent liability when [its] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991) (citations omitted).  The record does not support a finding that Markel's conduct rises to the level of creating independent liability. It also cannot be disputed that Nationwide was not "the insured" with respect to the claims services performed by Markel.  Nationwide offers no evidence that it received an assignment of rights from B&B such that Nationwide could be considered as stepping into the shoes of "the insured" for the purposes of supporting this type of claim against Markel.

Aside from this problem, Nationwide relies upon conclusory allegations in the First Amended Complaint rather than record evidence to support this theory of liability against Markel.  Mere allegations will not preclude summary judgment. *Williams v. CSX Transp., Inc.*, 925 F. Supp. 447, 449 (S.D. Miss. 1996) *aff'd*, 139 F.3d 899 (5th Cir. 1998) ("Barebones allegations are insufficient to withstand summary judgment . . . .").  Nationwide has not produced sufficient evidence to create a question of fact as to Markel's liability to Nationwide or any other party on the basis that Markel acted with gross negligence, malice, or reckless disregard.  Markel is entitled to judgment as a matter of law.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Markel is entitled to judgment as a matter of law as to Nationwide's claims.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Markel Corporation's Motion for Summary Judgment [63] is **GRANTED** and Plaintiff Nationwide Mutual Insurance Company's Claims against Markel are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 31st day of October, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE